TONY WILLIS, on behalf of himself and
the HEIRS OF AMELIA VA, et al., Plaintiffs

v.

FAI'IVAE GALEA'I et al., Defendants

High Court of American Samoa
Land and Titles Division

LT No. 45-81

August 29, 1990

Before REES, Associate Justice.

Counsel: For Plaintiff, Charles V. Ala'ilima
For Fai'ivae family, Fai'ivae A. Galea'i
For Avegalio, Aigamaua, Lealaialoa, Olo, and Suafo'a families, Aitofele T. Sunia
For heirs of Sekio Avegalio, Asaua Fuimaono
For Diocese of Pago Pago, Samoa, Charles V. Ala'ilima
For Leoso Arthur Ripley, Pio Sagote, and Se'e Sagote, Arthur Ripley Jr.
For Taeleifi family, Taeleifi Mane
For Iuli and Uo families, Gata E. Gurr

For Puletu Oscar Meredith, Isa-Lei F. Iuli

Late in the afternoon of August 23, 1990, counsel for some of the parties to these consolidated cases made an ex parte request for a one-week extension of the August 24 deadline for the filing of those parties' closing memoranda. This request was denied, primarily because an extension would have had the unavoidable effect of allowing the moving parties to review the other parties' memoranda before submitting their own. The Court was also concerned about the ex parte nature of the request.

Rule 6(b) of the Trial Court Rules of Civil Procedure provides that the Court may, in its discretion and within certain prescribed limits, grant an ex parte motion for an extension of time provided that the motion is made before the expiration of the period originally prescribed. (This is in contrast to the Appellate Court Rules, which do not include requests for extensions among the motions that may be filed ex parte. *See* Appellate Court Rules 25 & 26.)

In the absence of extraordinary circumstances, the Court is most reluctant to grant any order that might affect the interests of any party unless that party has had prior notice and opportunity to be heard. Requests for extensions should therefore ordinarily be served on all parties. The Court observes that the memoranda received in the present cases (including, miraculously, the one filed late Friday by the party whose ex parte request for an extension had been denied a few hours earlier) appear more than adequate. In light of the length and complexity of the present proceeding, however, the Court does not wish to leave any party with the impression that its arguments have not been fully heard and considered. Therefore, any party who wishes to file a supplemental memorandum may do so no later than 4:00 p.m. Friday, September 7, 1990.

It is so ordered.